UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO SALCEDO CAZARES (A-055-279-517),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-04602-DJC-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Antonio Salcedo Cazares (A-055-279-517), a citizen and native of Mexico, filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On or about July 24, 2002, petitioner entered the United States. On or about March 4, 2026, U.S. Immigration and Customs Enforcement ("ICE") officials detained petitioner. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of Mexico. (ECF No. 8-2 at 1.) On or about July 24, 2002, petitioner entered the United States as a lawful permanent resident when he was twelve

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

years old. (Id.; ECF No. 8-1 at 2.) Petitioner has been arrested by local authorities on multiple different occasions for different charges. (ECF No. 8-3.) Respondent asserts the following criminal history for petitioner:[2] on January 14, 2021, petitioner was convicted of assault with a deadly weapon pursuant to California Penal Code § 245(a)(1); on February 29, 2024, petitioner was convicted of corporal injury to spouse/cohabitant in violation of California Penal Code § 273.5(a), false imprisonment in violation of California Penal Code § 236, and driving under the influence of alcohol in violation of California Vehicle Code § 23152(b); and on October 10, 2024, petitioner was convicted of assault with deadly weapon with force capable of producing great bodily injury in violation of California Penal Code § 254(a)(4) and violation of a court order to prevent domestic violence in violation of California Penal Code § 273.6(a). (Id. at 4-9; ECF No. 8 at 2.)

On or about March 4, 2026, petitioner was taken into ICE custody.[3] (ECF No. 8-1 at 3.) On the same day, ICE served petitioner with a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings. (ECF No. 8-2 at 1.) The Notice to Appear charged him as removable pursuant to INA Section 237(a)(2)(A)(iii) (8 U.S.C. § 1227(a)(2)(A)(iii), as a noncitizen who at any time after admission has been convicted of an aggravated felony crime of violence. (Id.)

## II. PROCEDURAL BACKGROUND

On June 15, 2026, petitioner filed the petition for writ of habeas corpus and a motion to appoint counsel. (ECF Nos. 1, 3.) On June 25, 2026, respondent timely filed an answer to the petition. (ECF No. 8.) On August 3, 2026, petitioner filed a reply. (ECF No. 9.) The Court excuses petitioner's late filing of his reply. Briefing is now complete.

///

[2] In the answer, respondent includes criminal charges against petitioner that were subsequently dismissed or dropped. Respondent does not assert detention authority on the basis of dismissed or dropped charges, and the Court therefore does not address these charges.

[3] This date is inconsistent with petitioner's assertion that he was taken into ICE custody on March 15, 2026. (ECF No. 1 at 5.) The Form I-213 and rap sheet both indicate ICE arrested him on March 4, 2026. (ECF No. 8-1 at 3; ECF No. 8-3 at 2.) Accordingly, the Court will calculate his detention from the earlier date of March 4, 2026.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition challenging his re-detention to raise a due process claim under the Fifth Amendment and a statutory claim under the Immigration and Nationality Act ("INA"). (See ECF No. 1.) In the response to the petition, respondent appears to have construed the petition to raise the following claims: (1) a Fifth Amendment due process claim; and (2) a statutory claim under the INA. (See ECF No. 8.) Therefore, there is no prejudice to respondent in the Court's construction. (See id.)

### A. Detention Authority & Due Process Claim

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B) as his aggravated felony conviction for corporal injury to spouse/cohabitant in violation of California Penal Code § 273.5(a) constitutes an aggravated felony crime of violence and renders him removable under 8 U.S.C. 1227(a)(2)(A)(iii). (ECF No. 8 at 4.) Section 1226(c)(1)(B) mandates detention for a noncitizen

who is removable by reason of having committed any offense covered in Section 1227(a)(2)(A)(iii) of this title." 8 U.S.C. § 1226(c)(1)(B). 8 U.S.C. § 1227(a)(2)(A)(iii) applies to a noncitizen convicted of an aggravated felony at any time after admission. 8 U.S.C. § 1227(a)(2)(A)(iii). Following briefing in this petition, the Ninth Circuit held that "convictions under California Penal Code § 273.5 do not categorically qualify as crimes of violence." United States v. Lopez, — F.4th —, 2026 WL 2165840 at *1 (9th Cir. July 28, 2026) (overruling Banuelos-Ayon v. Holder, 611 F.3d 1080, 1082-86 (9th Cir. 2010) and prior precedent holding that § 273.5 is categorically a crime of violence).

The California Penal Code § 273.5(a) corporal injury to spouse/cohabitant conviction is not, however, the only aggravated felony conviction for a crime of violence at issue. On October 24, 2024, petitioner was convicted of assault with a deadly weapon by means of force likely to produce great bodily injury, in violation of California Penal Code § 245(a)(4) and sentenced to four years of imprisonment. (ECF No. 8-3 at 9.) The Ninth Circuit has held that a conviction under California Penal Code § 245(a)(4) is categorically a crime of violence. *See* United States v. Vasquez-Gonzalez, 901 F.3d 1060, 1065-68 (9th Cir. 2018) (holding the prior version of the statute, California Penal Code § 245(a)(1) was a crime of violence and thus an aggravated felony); Lopez-Herrera v. Garland, No. 22-310, 2023 WL 8539999, at *2 (9th Cir. Dec. 11, 2023) (concluding that the prior version of California Penal Code § 245(a)(1) "includes both the crime now located at § 245(a)(4) (assault likely to produce great bodily injury) and the crime of assault with a deadly weapon (which remains in the current version of § 245(a)(1)"); Patrao v. Garland, 846 F. App'x 509, 510 (9th Cir. 2021) ("The agency did not err in concluding that Patrao's crime of conviction, California Penal Code ("CPC") § 245(a)(4), is categorically a crime of violence and, thus, an aggravated felony that bars cancellation of removal and asylum."). Thus, because petitioner is removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) due to his aggravated felony crime of violence conviction, petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(B).

Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-0611 JLT SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021) (citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention

pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). Because petitioner has been detained for five months, this Court finds that petitioner does not yet have a protected liberty interest in freedom from detention. Courts finding protected liberty interests in freedom from detention under § 1226(c) have based their findings on detention longer than six months. See Pacheco v. Warden, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), findings and recommendations adopted, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (finding petitioner detained for over one year pursuant to §1226(c) had protected liberty interest); Lopez v. Warden, 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (finding petitioner detained for over ten months pursuant to § 1226(c) had protected liberty interest); Palencia v. Warden, 2026 WL 818580, at *3 (E.D. Cal. Mar. 25, 2026), findings and recommendations adopted, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (finding petitioner detained for over eight months pursuant to § 1226(c) had protected liberty interest); Keo, 2026 WL 747117, at *2 (concluding clear liberty

interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Because petitioner has not demonstrated a liberty interest based on his detention of five months, the petition for writ of habeas corpus should be denied. See Rakeshkumar H.P. v. Warden, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026) (finding no liberty interest where petitioner detained for a little over two months pursuant to § 1226(c)).

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.
2. The Clerk of the Court be directed to enter judgment in favor of Respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to

///

///

file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/salc4602.FRs.2241.imm/9